

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-27-2008

# Wang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4207

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Wang v. Atty Gen USA" (2008). *2008 Decisions.* Paper 970.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/970

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 06-4207

FENG CHENG WANG,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

Petition for Review of An Order of the
Board of Immigration Appeals
(No. A70-122-460)

Submitted pursuant to Third Circuit LAR 34.1(a)
March 27, 2008

Before: McKEE, RENDELL and TASHIMA*, Circuit Judges

(Filed: June 27, 2008 )

OPINION

TASHIMA, Circuit Judge.

Feng Cheng Wang, a native and citizen of China, petitions for review of a Board

of Immigrations Appeals ("BIA") decision, upholding the adverse credibility finding of

the Immigration Judge ("IJ") and ordering him removed. For the reasons that follow, we

_____

*Honorable A. Wallace Tashima, Senior Judge of the United States Court of
Appeals for the Ninth Circuit, sitting by designation.

will deny the petition for review.[2]

## I.

Because we write primarily for the benefit of the parties, we need not set forth the factual or procedural history except as necessary to inform our discussion. Wang is a fifty-year-old native of China. He entered the United States in 1993, but his wife and four children remain in China. He claims to be a victim of his country's coercive family planning policy and to fear persecution due to his opposition to that policy. His sister and brother-in-law were both forcibly sterilized. Wang alleges that his wife was sterilized in 1997 and that she has gone into hiding to avoid fines related to violation of the district's two-child policy.

In 1995, an IJ found Wang not credible and therefore denied his application for asylum and withholding of deportation, but granted Wang voluntary departure. After an unsuccessful appeal, Wang remained in the United States in violation of the IJ's voluntary departure order. In 2002, the BIA granted Wang's motion to reopen his case, due to a change in the law surrounding asylum claims based on population control policies. In 2005, an IJ again found Wang not credible and ordered him deported. The BIA dismissed Wang's appeal, finding that the IJ's adverse credibility determination was not clearly erroneous. The BIA reasoned that Wang had failed to provide any

---

[2] We have jurisdiction over orders of removal under 8 U.S.C. § 1252(a). *Abdulai v. Ashcroft*, 239 F.3d 542, 547 (3d Cir. 2001).

explanation rebutting the finding by the American consulate general's investigative report that the sterilization certificate and illness certificate Wang submitted were fraudulent. The BIA further concluded that, because Wang failed to meet the lower burden of proof required for an asylum claim, he also fell short of meeting the heightened standard required for withholding of removal and for relief under the Convention Against Torture.

"Where, as here, the BIA issues a decision on the merits and not simply a summary affirmance, we review the BIA's, and not the IJ's, decision." *Chavarria v. Gonzalez*, 446 F.3d 508, 515 (3d Cir. 2006). We must uphold the BIA's determination if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole," and we will reverse only if Wang's evidence would compel a reasonable factfinder to determine that Wang has a well-founded fear of persecution in his home country. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (internal quotation marks omitted). "[A]liens have the burden to establish their eligibility for asylum through credible testimony." *Abdulrahman v. Ashcroft*, 330 F.3d 587, 592 (3d Cir. 2003).

The BIA found that, even if the arguments raised by Wang regarding the adverse credibility determination were accepted, the adverse credibility determination was not clearly erroneous because of the fraudulent documents submitted by Wang pertaining to

3

events at the heart of his claim.[3]  "We look at an adverse credibility determination to ensure that it was 'appropriately based on inconsistent statements, contradictory evidences, and inherently improbable testimony . . . in view of the background evidence on country conditions.'"  *Dia v. Ashcroft*, 353 F.3d 228, 249 (3d Cir. 2003) (quoting *In re S-M-J-* (Interim Decision), 21 I. & N. Dec. 722 (BIA 1997)) (ellipsis in original).  The BIA's adverse credibility determination is supported by substantial evidence, including the unrebutted finding that Wang submitted fraudulent documents in support of his claim and the numerous inconsistencies between Wang's testimony and his affidavits.

## II.

For the reasons set forth above, we will deny Wang's petition for review.

---

[3]Because Wang's application was filed before the REAL ID Act's effective date of May 11, 2005, the Act's provisions regarding credibility determinations, codified at 8 U.S.C. § 1158(b)(1)(B), do not apply to this case.